UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY HUGH CHRISTY, | ) |
| | ) |
| Petitioner, | ) CASE NO. C11-0599-RSM |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| MARION FEATHER, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Jerry Christy is a federal prisoner who is currently incarcerated at the Federal Correctional Institution at Herlong, California. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging an institutional disciplinary hearing that was conducted at the Federal Detention Center at SeaTac, Washington ("FDC SeaTac") in August 2010. Respondent has filed a response to the petition. After careful consideration of the petition, respondent's response thereto, and the balance of the record, this Court concludes that petitioner's petition for federal habeas relief should be denied.

/ / /

REPORT AND RECOMMENDATION
PAGE - 1

## FACTS

Petitioner Jerry Christy entered Bureau of Prisons ("BOP") custody at FDC SeaTac on May 11, 2010. (*See* Dkt. No. 15, Ex. A at 22.) Between July 8, 2010 and July 9, 2010, twelve inmates in petitioner's housing unit, including petitioner, were suspected of using marijuana. (*Id*., Ex. A at 29.) All twelve inmates were subjected to urinalysis testing and nine inmates, including petitioner, provided a positive initial sample. (*Id*., Ex. A at 13 and 29.) On July 9, 2010, petitioner's urine sample was sent to the National Toxicology Laboratories for confirmation testing. (*See id*., Ex. A at 6, 12 and 13.) On July 14, 2010, the BOP received written notification from the National Toxicology Laboratories that petitioner's urine specimen tested positive for Cannabinoids: THC Metabolite. (*See id*., Ex. A at 6 and 12.) On the same date, an incident report was prepared by BOP staff indicating that a charge of Use of Narcotics-THC had been leveled against petitioner and that an investigation would ensue. (*Id*., Ex. A at 6-7.) A copy of this report was provided to petitioner. (*Id*., Ex. A at 7.)

On July 19, 2010, petitioner was provided notice that a disciplinary hearing would be held on the Use of Narcotics charge and he was advised of the rights that would be afforded him at the hearing. (*See id*., Ex. A at 9-10.) The disciplinary hearing was held on August 7, 2010. (*See id*., Ex. A at 2-5.) At the hearing, petitioner denied that he had smoked any marijuana in his living unit and suggested that the THC found in his system at the time of the urinalysis testing may be attributable to marijuana he smoked at home prior to his incarceration given that he had only been incarcerated for 60 days at the time he was tested. (*See id*., Ex. A at 2.) Petitioner provided documentation from a website which indicated that THC could be present in a person's body for up to 90 days after it was ingested. (*See id*., Ex. A at 4.) Petitioner also

called one witness, a fellow inmate, who testified that "I never saw him smoke anything." (Dkt. No. 15, Ex. A at 2.)

After considering all of the evidence, which included the original incident report, the investigation report, the laboratory reports, a BOP program statement which identifies detection periods for selected drugs, including THC[1], and petitioner's statement and evidence, the DHO found petitioner guilty of using narcotics in violation of BOP policy. (*See id.*, Ex. A at 2-4.) The DHO sanctioned petitioner to 60 days in disciplinary segregation, loss of 40 days good conduct time, and loss of visiting privileges for a year. (*Id.*, Ex. A at 1 and 5.) The DHO issued a written report on August 14, 2010 setting forth his findings. (*Id.*, Ex. A at 2-4.)

Petitioner thereafter filed a Regional Administrative Remedy Appeal. (*Id.*, Ex. A at 17.) The Regional Director denied that appeal on October 21, 2010. (*Id.*, Ex. A at 18.) Petitioner next filed a Central Office Administrative Remedy Appeal. (*Id.*, Ex. A at 19-20.) The National Inmate Appeals Administrator denied that final appeal on March 7, 2011. (*Id.*, Ex. A at 21.) On April 8, 2011, petitioner submitted to this Court for filing the instant federal habeas petition challenging his disciplinary proceedings. (*See* Dkt. No. 1.) Respondent filed a return to the petition on June 14, 2011. (Dkt. No. 15.) This matter is now ripe for review.

## DISCUSSION

Petitioner asserts in his federal habeas petition that his due process rights were violated at the August 2010 disciplinary hearing at which he was found guilty of using THC because the positive THC test was conducted after only 58 days of incarceration and his evidence

---

[1] Bureau of Prisons Policy Statement 6060.08 estimates that a person's urine will test positive for THC for a maximum of 30 days.

REPORT AND RECOMMENDATION
PAGE - 3

established that THC can stay in an individual's system for 60 to 90 days after the last use. (*See* Dkt. No. 7 at 3.) Petitioner further argues that the BOP policy which provides that a person's urine will test positive for THC for a maximum of 30 days after the last use is unrealistic and unfair and resulted in the unconstitutional deprivation of 40 days of good conduct time. (Dkt. No. 7 at 4-5.)

Where a prison disciplinary proceeding may result in the loss of earned good time credits, a prisoner is entitled to certain due process protections. *Wolff v. McDonnell*, 418 U.S. 539 (1974). In *Wolff*, the Supreme Court held that the following minimum protections must be afforded a prisoner: (1) advance written notice of the claimed violation; (2) the opportunity to call witnesses and present documentary evidence "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and, (3) a written statement of the factual findings supporting the disciplinary action. *Id*. at 563-66.

The Supreme Court has also held that, in order to comport with due process, a decision in a prison disciplinary proceeding to revoke good time credits must by supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). The Supreme Court explained in *Hill* that "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56. The Ninth Circuit has held that the evidence relied upon to support the disciplinary action must possess "some indicia of reliability." *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).

/ / /

The record before this Court demonstrates that petitioner was provided notice of the alleged violation well in advance of the disciplinary hearing, he was provided an opportunity to call witnesses and to present documentary evidence in his defense, and he was provided a written statement of the factual findings supporting the disciplinary action. Thus, the due process requirements established in *Wolff* were clearly met in petitioner's disciplinary proceeding and, in fact, petitioner makes no claim to the contrary.

Petitioner's due process challenge actually goes to the result of the proceeding. Petitioner appears to be of the belief that the documentary evidence he provided at the disciplinary hearing which showed that THC can stay in an individual's system for 60 to 90 days after it was last used was sufficient to warrant a not guilty finding by the DHO since petitioner had been incarcerated for slightly less than 60 days at the time the test revealing the THC was done. However, as noted above, so long as there was "some evidence" to support the decision of the DHO, and so long as that evidence was reliable, due process requirements are satisfied.

The DHO's report of the disciplinary hearing reflects that the DHO reviewed petitioner's documentary evidence but ultimately deferred to the BOP policy which states that a person's urine will test positive for THC for a maximum of 30 days after the last use. The evidence before the DHO included reports confirming that petitioner's urine specimen tested positive for THC and that petitioner had not been prescribed any medication at FDC SeaTac which could have caused the positive result. While petitioner contends that the BOP policy was unrealistic and unfair, he offers nothing in this proceeding to satisfy the Court that the evidence relied upon by the DHO was in any way unreliable. In this Court's view there was

sufficient evidence in the record to meet the *Hill* standard. Accordingly, petitioner's due process claim is without merit.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's § 2241 petition be denied and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 17th day of August, 2011.

Mary Alice Theiler
United States Magistrate Judge